IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| **LATHROP R-II SCHOOL DISTRICT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-6040-CV-SJ-GAF |
| | ) | |
| **WILLIAM GRAY, by and on behalf** | ) | |
| **of his son, D.G.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Counterclaim Defendant Lathrop R-II School District's ("the District") Motion to Dismiss for Failure of Service of Process or for Summary Judgment for Failure to Serve. (Doc. #24). The District contends Counterclaimants William and Joyce Gray, as Parents and as Legal Guardians of their Minor Son, D.G., ("the Grays") have not properly served the District with their Counterclaim within the time set forth in Fed. R. Civ. P. 4(m) and the Grays counterclaim should therefore be dismissed. For the reasons set forth below, the District's Motion is DENIED.

## DISCUSSION

**1. Facts**

The relevant portions of the facts submitted by the District are as follows:

1. On or about September 21, 2005, the District filed a Complaint against William Gray, by and on behalf of his son, D.G., to judicially challenge the results of an administrative decision rendered pursuant to 20 U.S.C. § 1415 *et seq.* and RSMo. § 162.961. *See Lathrop R-II Sch. Dist.* v. *Gray,* Case No. 05-6102 (W.D. Mo. 2007) (Fenner, J.) (hereinafter "Gray I"), Document 1.

2. On or about October 28, 2005, the Grays filed their Answer and Counterclaim with this Court and, in that pleading, named the District as [a Counterclaim Defendant and added three third-party Defendants]. *See* Gray I, Document 3.

1

3. On or about March 20, 2006, the District filed a Motion to Dismiss for Failure of Service of Process or for Summary Judgment for Failure to Serve and Suggestions in Support with respect to the Grays' failure to serve [the Counterclaim on the District]. *See* Gray I, Document 18.

4. On May 10, 2006, this Court issued an order in which it granted the District's Motion to Dismiss for Failure of Service of Process ("2006 Order"). *See* Gray I, Document 25.

\*\*\*

7. On or about February 12, 2007, and in response to the District's Motion for Judgment on the Administrative Record or, in the alternative, for Summary Judgment, this Court reversed and remanded the case to the administrative panel for "further proceedings consistent" with the Court's Order. *See* Gray I, Document 54.

8. On or about March 17, 2008, the same administrative panel issued a Decision on Remand in which the same two hearing officers affirmed their original decision. *See* Complaint at ¶ 59 and Exhibit E attached thereto.

9. On or about April 18, 2008, the District filed a new complaint in this Court requesting judicial review of the remand decision (the "2008 Complaint"). *See* Complaint (hereinafter "Gray II"). [Teri B. Goldman ("Ms. Goldman") filed the Complaint on the District's behalf]. (Doc. #1)].

10. On or about June 10, 2008, the Grays answered the 2008 Complaint and again filed a Counterclaim against [the District and added third-party Defendants Dr. Chris Blackburn, Dr. Ken Quick, and Teri Goldman individually on the Court's electronic filing system]. *See* Grays' Answer and Counterclaim.

11. On or about July 7, 2008, the Grays' attorney, Stephen Walker [("Mr. Walker")], contacted [Ms.] Goldman by e-mail regarding a proposed stipulation for purposes of the June 2008 Counterclaim. *See* Affidavit of Teri B. Goldman, attached hereto as Exhibit A at ¶ 4 and Exhibit I thereto (hereinafter "Goldman Affid. "). Ms. Goldman replied by e-mail, in pertinent part, that none of the relevant parties had yet been served. Goldman Affid. at ¶ 5 and Exhibit 2 thereto.

\*\*\*

24. On or about September 5, 2008, Mr. Gray moved to voluntarily dismiss the claims against Dr. Blackburn, Dr. Quick and Ms. Goldman [individually]. *See* Voluntary Dismissal of Claims Against Counter Defendants Quick, Blackburn and Goldman or in the Alternative Counter Claimant seeks a Court Order under Rule 41 Dismissing All Claims Against these Individual counter Defendants. Document 22.

2

> 25. To date, the District has never been provided with a copy of the waiver of service of summons and a copy of the [Counterclaim] from Mr. Walker or from the Grays. Goldman Affid. at ¶ 18. To date, the District has not been personally served with a summons and copy of the [Counterclaim]. *Id.*

(Doc. #24, pp. 1-6).

On February 11, 2009, the District filed the instant Motion arguing the Grays' CM/ECF filing of their Counterclaim was not proper service with respect to the District pursuant to Fed. R. Civ. P. 4(m).

**III.    Analysis**

The District first contends that the Grays cannot relitigate the issue of proper service in this case under the doctrine of issue preclusion. According to the District, because the Court determined service was improper in Gray I, filed in September 2005, the Grays cannot now argue it is proper in the presence of substantially interchangeable facts. The Court disagrees.

"The doctrine of issue preclusion holds that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *McKenzie Eng'g Co. v. N.L.R.B.*, 373 F.3d 888, 891 (8th Cir. 2004) (*citing Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

> Under this doctrine, a court must examine the following five factors to determine whether issue preclusion applies to a particular case: (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1272-73 (8th Cir. 1997).

Here, neither the dismissal of the Grays' Counterclaim or the Court's remand of Gray I to the administrative panel was a final judgment. An order dismissing a counterclaim is not a final order

3

when other claims are still pending in a case. *See Giordano v. Roudebush*, 565 F.2d 1015, 1017 (8th Cir. 1977) (citation omitted) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). *See also Glevicky v. Comty. Coll. of Allegheny County*, 52 Fed. Appx. 588, 589 (3d Cir. 2002). Similarly, remanding a case for further administrative proceedings, as was done in this case, is not a final judgment. *Giordano*, 565 F.2d at 1017; *Transp.-Commc'n Div.--Bhd, of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emp. v. St. Louis-San Francisco Ry. Co.*, 419 F.2d 933, 935 (8th Cir. 1969) (citations omitted). While finality for purposes of appeal is not necessarily the same as that required for issue preclusion, *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL-CIO*, 913 F.2d 544, 563 (8th Cir. 1990), the Court finds that here, where the issue is one of a strictly procedural nature that was incorrectly decided, where no appeal could lie from the first ruling, and where the Counterclaim's dismissal was not essential to the Court's ultimate remand of the claim for reconsideration by the administrative panel, that the finality requirement is not met. Thus, the Court has the authority to revisit the legal issue addressed in the previous proceedings between these parties.

Upon reconsideration of the Court's 2006 Order, the Court finds in this case that it is not only unnecessary for the Grays to serve the District under Rule 4(c), but that in fact, Fed. R. Civ. P. 5(b)(1) requires service of the Counterclaim on the District's attorney through the CM/ECF system rather than on the District itself. *See* Fed. R. Civ. P. 5(b) ("If a party is represented by an attorney, service under this rule [relating to serving and filing pleadings and other papers] must be made on the attorney unless the court orders service on the party."). Thus, "[s]ervice of a pleading containing a counterclaim may be made upon the opponent's attorney." *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir. 1962) (*citing* 3 MOORE'S FEDERAL PRACTICE, ¶ 13.10 (1948)).

4

Case 5:08-cv-06040-GAF   Document 29    Filed 03/30/09   Page 4 of 5

Here, the principal/agent or attorney/client relationship was already established between the District and its counsel, Ms. Goldman, with the filing of the Complaint.[1] Thus, it is sufficient for the Grays to file their Answer and Counterclaim with the Court using the CM/ECF system with respect to which Ms. Goldman became a registered participant on behalf of the District when she filed the 2008 Complaint.[2] The District's Motion is therefore DENIED. The requests for attorneys' fees on behalf of both parties are also DENIED.[3]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: March 30, 2009

---

[1] The Court notes, however, that at the time the Counterclaim was filed, Goldman was the attorney of record for only the District and not for the third-party Defendants. Thus, the Court's ruling holds true only with respect to the Counterclaim Defendant, the District, and not with respect to the third-party Defendants who had not yet been joined in the case.

[2] In fact, use of the Court's electronic filing system makes no difference with regard to the service rule or the result in this case. With or without the system, "once litigation has commenced, it is generally considered sufficient to serve the attorney who filed an appearance on behalf of a party instead of serving that [party]." *Voss v. Waste Mgmt. of Ill., Inc.*, No. 05 C 1510, 2006 WL 305781, at *6 (N.D. Ill. Feb. 2, 2006). *See also United States v. Pend Oreille Pub. Util. Dist. No. 1*, 28 F.3d 1544, 1553 (9th Cir. 1994) (finding improper the district court's dismissal of a counterclaim for failure to serve the opposing parties individually rather than through their attorney); *In re Brenner*, Nos. 89-8322, 89-8680, 1991 WL 214051, at *5 (E.D. Pa. Oct. 18, 1991) ("It is presumed that service on an attorney gives adequate notice to the party she represents.") (*citing* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1145-46 at 418-20, 425 (1987 & Supp.1990); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962); *& In Re William A. DiDio*, 1 B.R. 196, 199 (Bankr. E.D. Pa. 1979)).

[3] The Court did not consider the Grays' Sur-Reply in this instance as the Grays did not seek leave to file it. Local Rule 7.1 provides that "[u]nless oral argument is ordered by the Court, motions will be ruled upon the written motion, supporting suggestions, opposing suggestions and reply suggestions."

5