IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **LATHROP R-II SCHOOL DISTRICT,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WILLIAM GRAY, by and on behalf** )<br>**of his son, D.G.,** )<br>)<br>**Defendants.** ) | Case No. 08-6040-CV-SJ-GAF |

### ORDER

Pending before the Court is Plaintiff/Counterclaim Defendant Lathrop R-II School District's ("the District") Motion to Present Additional Evidence. (Doc. #28). Defendant William Gray, by and on behalf of his son, D.G. ("Defendant"), contends the District's Motion has no merit and is intended only to delay further proceedings in this case. For the reasons set forth below, the District's Motion is DENIED.

### DISCUSSION

In reviewing claims like the present arising under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), a court undertakes a two-part inquiry. *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206-07 (1982). "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" *Id.* (footnotes omitted). A court hearing an appeal of an administrative decision under IDEA can hear "additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(c)(ii) & 34 C.F.R. § 300.516(c). "[A] party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so." *Indep. Sch. Dist. No. 283 v. South Dakota*, 88 F.3d 556, 560 (8th Cir.

1

1996) (*citing Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir.1990)). Cumulative evidence is generally precluded but improper exclusion of evidence by an administrative panel or evidence of subsequent events relevant to the disposition of the case are cited as grounds for admission of additional evidence. *See, e.g., Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984) (citation omitted).[1]

In this case, the District alleges the administrative panel improperly excluded the District's evidence of "D.G.'s progress from 2004 and beyond" and that the amount of time that has passed since the administrative hearing justifies admission of additional evidence with respect to subsequent developments. (Doc. #28, pp. 11-12). However, it appears Defendant's claims giving rise to the administrative panel hearing relate only to the District's actions with respect to D.G. during the 2002-2003 and 2003-2004 school years. (*See* Doc. #1, Ex. D, p. 1). Evidence of the District's actions or of D.G.'s progress after the period to which Defendant's claims pertain was therefore properly excluded as irrelevant.

With regard to disputed evidence from witness Cindy Nance, the administrative panel determined the District could have found and made the proffered evidence (labeled Exhibit 56) available to Defendant prior to the beginning of the hearing. (Case No. 05-CV-6102-GAF, Admin. Trans. 1824:2-23). While the District contends this evidence was improperly excluded, it fails to show the evidence was not available prior to the hearing or that the issue on which it was presented could not have been anticipated or that the administrative panel applied an improper evidentiary

---

[1] "Congress intended 'judicial review in IDEA cases [to] differ[ ] substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001) (*citing Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir.1993). "Complete de novo review, however, is inappropriate." *Id.* (*citing Thomas v. Cincinnati Bd. of Educ.*, 918 F.2d 618, 624 (6th Cir.1990)).

standard in excluding the evidence.  In sum, the District fails to provide solid justification for the admission of additional evidence.[2]  The District's Motion is therefore DENIED.[3]

**IT IS SO ORDERED.**

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED:   April 28, 2009

---

[2]The District also argues that two panel members were inexperienced and did not meet objectivity requirements but does not provide factual support for the allegations or make a legal argument seeking relief based on those allegations.

[3]Defendant's Motion to Strike Answer to Complaint (Doc. #34) is also DENIED as the District timely filed an answer to Defendant's Counterclaim within ten days of the Court's denial of the District's Motion to Dismiss for Failure of Service of Process.  (Doc. #29).  *See* Fed. R. Civ. P. 12(a)(4)(A).